IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SHINN, | CASE NO. 1:04-cv-6050 TAG |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT |
| v. | (Doc. 17) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 59(e), Jo Anne B. Barnhart (the "Commissioner") moves this Court to alter or amend its judgment, entered on August 23, 2005 (Court Doc. 16), denying the Commissioner's request to affirm the Administrative Law Judge's ("ALJ's") decision, and granting Plaintiff's request for the remand of the ALJ's decision. (Court Doc. 17). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated March 7, 2005, this action was assigned to the United States Magistrate Judge for all further proceedings.

For the reasons discussed below, this Court construes the Commissioner's motion as a motion for reconsideration, and DENIES the motion.

# BACKGROUND

On February 21, 2001, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, alleging disability since March 16, 2000. (Administrative Record ("AR") 58-61, 374-377). The application was denied initially and, on August 19, 2003, Plaintiff appeared before ALJ Michael Haubner, at which time he heard testimony from Plaintiff and from vocational expert Thomas Dachelet. (AR 392-427). On October 22, 2002, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 14-18). The Appeals Council denied a request for review on May 31, 2004. (AR 7-9). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g). An August 23, 2005 judgment was entered in Plaintiff's favor granting a remand for additional proceedings. (Court Docs. 15-16). On September 6, 2005, the Commissioner filed her Fed. R. Civ. P. 59(e) motion requesting that the Court alter or amend its judgment and deny Plaintiff's motion for reversal of the ALJ's decision. (Court Doc. 17).

# DISCUSSION

The Commissioner seeks relief under Fed. R. Civ. P. 59(e), which addresses new trials and amendments of court judgments. See, Fed. R. Civ. P. 59. From a review of the Commissioner's pleading, it appears that the Commissioner seeks reconsideration under Fed. R. Civ. P. 59(e) ("motion to alter or amend judgment . . ."). Accordingly, the Commissioner's motion is construed as seeking reconsideration.

Either the moving or opposing party may seek reconsideration of a summary judgment/adjudication ruling. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. School District No. 1J, Multnomah County, Oregon v. A C and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration of a summary judgment/adjudication ruling should not be granted, absent highly unusual circumstances. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts

or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion."

The Commissioner has failed to present newly-discovered evidence to warrant reconsideration, and is not contending that there has been an intervening change in controlling law. The Commissioner is essentially arguing that there has been a clear error of law and that the judgment should be corrected to prevent manifest injustice. (Court Doc. 17). The Commissioner is simply reasserting the position she has taken all along; specifically, that the report of Dr. Kaye Kilburn provided no greater limitations than those assessed by the ALJ and that the ALJ therefore did not err by failing to provide reasons for rejecting her opinions. However, the undersigned concluded in her July 28, 2005 order that the ALJ erred by failing to provide rationale for discounting Dr. Kilburn's findings (Court Doc. 15, pp. 8-12), including Dr. Kilburn's reports which specified that Plaintiff should rest when efficiency begins to drop and that Plaintiff should break the day into a series of work sessions of only one or two hours. (AR 313). The undersigned determined that the ALJ's residual functional capacity finding could not be found to be based on substantial evidence, without the consideration of the limitations accounted by Dr. Kilburn (Court Doc. 15, p. 11), and this issue will not be relitigated here. In the absence of newly-discovered evidence, clear error or an intervening change in controlling law, the Commissioner is not entitled to reconsideration of the Court's decision and order.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court construes plaintiff's Fed. R. Civ. P. 59(e) motion as a motion for reconsideration, and DENIES the motion. (Court Doc. 17).


IT IS SO ORDERED.

**Dated:   September 21, 2005                   /s/ Theresa A. Goldner**
j6eb3d                                          UNITED STATES MAGISTRATE JUDGE