IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SHINN, | Case No. 1:04-cv-6050 TAG |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S PETITION FOR ATTORNEY FEES |
| v. | (Doc. 19) |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on a petition for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by Laura Krank, the attorney retained by Plaintiff Donald Shinn ("Plaintiff") to represent him in his underlying Social Security action. (Doc. 19). Defendant, the Commissioner of Social Security ("the Commissioner"), opposed Plaintiff's petition, contending that the Commissioner's position was substantially justified and, alternatively, that the amount Plaintiff requests should be reduced and paid directly to Plaintiff, not to his attorney. (Doc. 20). In his reply, Plaintiff disputed the Commissioner's assertions. (Doc. 21).

Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to proceed before a United States Magistrate Judge, and, on March 7, 2005, this action was assigned to the United States Magistrate Judge for all further proceedings. (Doc. 14).

**BACKGROUND**

On August 3, 2004, Plaintiff, through his attorney, filed a complaint in this Court seeking

---

[1] Michael J. Astrue is substituted for his predecessor, JoAnne B. Barnhart, as The commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1

judicial review of the Commissioner's denial of his application for Social Security disability benefits under Titles II and XVI of the Social Security Act. (Doc. 1). The undersigned found that the Commissioner, through an administrative law judge ("ALJ"), mistakenly (1) adopted the residual functional capacity ("RFC") proffered by a non-examining state agency physician and the opinions of several examining physicians without providing substantial evidence for rejecting the subsequent opinion of examining consultant Dr. Kaye H. Kilburn, who diagnosed Plaintiff with a different ailment and RFC, and (2) contradictorily concluded that Plaintiff could perform his past relevant work – which was classified as semi-skilled – after finding that he was able to perform only unskilled work. (See Doc. 15, pp. 8-12). On July 27, 2005, the Court granted Plaintiff's complaint and remanded the case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration and development of the record. (Doc. 15). On August 23, 2005, the Clerk entered a separate judgment for Plaintiff, dated July 27, 2005. (Doc. 16). The Commissioner moved to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), on September 6, 2005, which this Court denied on September 21, 2005. (Docs. 17, 18).

On October 14, 2005, Attorney Krank filed the instant petition, pursuant to the EAJA, seeking $ 4,081.23 in attorney fees for work that she done and $ 428.37 for work that her Paralegal, Brenda Garcia, performed on behalf of Plaintiff, for a total of $ 4,509.60. (Doc. 19-2, p.1). In his opposition, the Commissioner does not challenge the hourly rates assessed. (Doc. 20). Instead, the Commissioner contends that the government's work was substantially justified and, therefore, Plaintiff is not entitled to attorney's fees. (Id. at 5). Alternatively, the Commissioner argues that the Court should reduce the fee award. (Id. at 5-8). Finally, the Commissioner asserts that, should the Court award attorney's fees, precedent dictates that the money go directly to Plaintiff, not to Attorney Krank. (Id. at 8-9).

Plaintiff contests the Commissioner's assertion that his arguments were substantially justified at the administrative level or during the Court proceedings. (Doc. 21 at 3-4). Plaintiff further asserts that his attorney's and paralegal's hours were reasonable, as were the additional 5.2 hours Attorney Krank spent reviewing the Commissioner's response and drafting a reply brief. (Id. at 4-7). In

2

addition, Plaintiff argues that EAJA fees should be awarded directly to his attorney.  (Id. at 7-9).

## DISCUSSION

**Legal Framework**

In the instant motion, Plaintiff seeks attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff has alleged the requirements of § 2412(d)(1)(A).  However, to be entitled to an award of fees, Plaintiff must also satisfy the requirements of 28 U.S.C. § 2412(d)(1)(B), which provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.

Plaintiff has satisfied the § 2412(d)(1)(B) criteria.  The motion for attorney fees was filed within thirty days of the expiration of the 60-day appellate period from the September 22, 2005, final judgment[2] and thus, it was timely under § 2412(d)(1)(B) and (d)(2)(G).  Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Fed.R.App.P. 4(a)(1)(B).  The motion is adequate on its face because it shows (1) that Plaintiff was the prevailing party, (2) that Plaintiff was eligible to receive an award, and (3) the amount of fees sought, including a declaration from Attorney Krank and an itemized schedule allegedly reflecting the amount of time Attorney Krank and Paralegal Garcia spent and the hourly rate billed for their time.  (Doc. 19 and attach.).  Further, the motion for EAJA fees alleges that the

---

[2] Although the Clerk's judgment was dated July 27, 2005, and entered on August 23, 2005, it did not become final until the Court denied the Commissioner's Rule 59(e) motion to alter or amend judgment on September 22, 2005.  See Fed.R.App.P. 4(a)(4)(A)(iv) and (B)(i).

3

position of the Commissioner was not substantially justified. (Doc. 19 at 2).

**Substantial Justification**

Under the EAJA, a court shall award reasonable attorney's fees and expenses to a prevailing party other than the United States, unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The term "substantially justified" means "'justified in substance or in the main' – that is, justified to the extent that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeal that have addressed this issue." Pierce v. Underwood, 487 U.S. 552, 565 (1988)(citations omitted). Here, Plaintiff achieved a remand directing the Commissioner to further consider Plaintiff's eligibility for disability benefits and a final judgment was entered for Plaintiff. (Docs. 15, 16). Accordingly, Plaintiff is the prevailing party and eligible to receive an award of attorney's fees. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Although the EAJA creates a presumption that the prevailing party will be awarded fees, if the position of the government is substantially justified, attorney's fees will not be granted. Flores v. Shalala 49 F.3d 562, 567 (9th Cir. 1995).

The Commissioner argues that Plaintiff is not entitled to EAJA fees because his position was substantially justified. (Doc. 20, pp. 3-5). To show substantial justification, the Commissioner bears the burden of demonstrating that his conduct had a reasonable basis both in law and fact based on the underlying government conduct at issue and the totality of circumstances present before and during litigation. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996). The Commissioner's position is substantially justified if it meets the "traditional reasonableness standard – that is, it was 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct" and "it can be substantially ... justified ... if it has a reasonable basis in law and fact." Id. (citing Pierce, 487 U.S. at 566 n. 2)). The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." Flores, 49 F.3d at 569.

Here, the Commissioner contends that his position throughout the litigation was substantially justified. Specifically, the Commissioner asserts that an ALJ's failure to address all of the evidence has been found to be harmless error by the Ninth Circuit and that, without addressing Dr. Kilburn's opinion, the ALJ incorporated in his decision the limitations that he understood Dr. Kilburn imposed on Plaintiff's ability to work. (Doc. 20, pp. 4-5). The Commissioner notes, for example, that it was reasonable for the ALJ to conclude that standard breaks in the workday would accommodate Dr. Kilburn's requirement that Plaintiff break his workday into two-hour periods. (Id. at 5). Moreover, Dr. Kilburn's recommendations that Plaintiff should sit in a hot tub and listen to classical music in a dark room were not identified as activities that Plaintiff should engage in during working hours and, accordingly, the ALJ did not err in concluding that they were relaxation exercises, rather than working limitations. (Id. at 4). Finally, the Commissioner observed that the ALJ imposed restrictions with respect to exposure to pulmonary irritants, which Dr. Kilburn and other consultants recommended. (Id.). The Commissioner, however, did not address the dichotomy between the ALJ's RFC determination that Plaintiff was capable of returning to his semi-skilled telemarketing position but could perform only unskilled work. (Id. at 4-5). In addition, the Commissioner neglected to address the ALJ's failure to provide an explanation for overlooking and rejecting Dr. Kilburn's opinion. (Id.).

In the instant case, the Commissioner's position was not substantially justified with respect to the issues on which the Court based its remand. Flores, 49 F.3d at 569. The rationale for the remand was that the Commissioner (1) adopted the residual functional capacity ("RFC") proffered by a non-examining state agency physician and select portions of the opinions of examining physicians over Dr. Kilburn's subsequent diagnosis, without providing substantial evidence for rejecting her opinion and recommended limitations, and (2) contradictorily concluded that Plaintiff could perform his past relevant work – which was classified as semi-skilled – after finding that he was able to perform only unskilled work. (See Doc. 15, pp. 8-12). In his reply to Plaintiff's petition for EAJA fees, the Commissioner did not provide reasonable, substantial justification for the undersigned's memorandum opinion and order remanding Plaintiff's action. Instead, the Commissioner attempted

to justify the adequacy of the ALJ's decision retrospectively and on grounds that were, for the most part, different than this Court's rationale for the remand. (Doc. 20, pp. 4-5; see Doc. 15). Accordingly, the Court finds that the Commissioner failed to provide substantial justification that would preclude Plaintiff from receiving attorney's fees.

**Attorney's Fees**

The Commissioner argues, alternatively, that, if Plaintiff is awarded fees, the amount should be reduced and the award should be provided directly to Plaintiff, not to his attorney. (Doc. 20, pp. 5-9). The Court will address these arguments in turn.

### HOURS IN FEE REQUEST

In the fee petition, Plaintiff's attorney requests $ 4,509.60, allocated as follows:

| Attorney | Adjusted Hourly Rate | Time (Hours) | TOTAL |
| --- | --- | --- | --- |
| L. Krank, J.D. | $ 155.18 | 26.3 | $ 4,081.23 |
| Paralegal Garcia | $ 99.62 | 4.3 | 428.37 |
|  |  | **Total:** | **$ 4,509.60** |
| L. Krank: Reply Brief | $ 155.18 | 5.2 | 806.97[3] |
|  |  | **GRAND TOTAL:** | **$ 5,316.57** |

**Number of Hours**

An attorney bears the burden of demonstrating that his or her fee request is reasonable. . Hensley v. Eckerhart,[4] 461 U.S. 424, 437 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award. Id. at 434. Charges that are not properly

---

[3] On page 9 of Plaintiff's reply brief, he requests a total of $5,471, 72, which includes the time spent preparing the reply brief. (Doc. 21, p. 9). In Attorney Krank's declaration, however, she attests that it took her 5.2 hours to prepare the reply brief, which, at an hourly rate of $155.18, adds $806.97, resulting in a total fee request of $5,316.53, not 5,471.72. The amount in the declaration appears to be the result of a mathematical error.

[4] Although Hensley v. Eckerhart addresses the statutory fee-shifting provisions in civil rights actions, 42 U.S.C. § 1988, the Supreme Court specifically noted that "[t]he standards set forth in this opinion are generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7; see also Commissioner, I.N.S. v. Jean 496 U.S. 154 (1990) (stating that private parties who prevail in a civil action against the U.S. government are eligible to move for attorneys fees and expenses under the EAJA); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (remanding to district court to determine reasonable award under the EAJA in a Social Security appeal).

billable to a client are not properly billable to one's adversary. Id. In addition, the "district court must also consider the results obtained." Id. (quotations omitted). When an attorney prevails in a Social Security disability case and, in so doing, achieves the Plaintiff's ultimate goal, i.e., the Plaintiff is granted Social Security benefits, the Plaintiff generally is entitled to full compensation for the work performed, provided that the hours are adequately supported and documented. Hensley, 461 U.S. at 435; Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001).

Further, before a court determines whether a fee request is reasonable, the plaintiff must specify the award he is seeking; that is, the hours his attorney reasonably expended on the litigation multiplied by the hourly rate. Hensley, 461 U.S. at 433 (1983); Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir. 1998).

Attorney Krank's Hours

In the instant case, the Commissioner asserts that Attorney Krank's fee request should be reduced because the hours expended were unreasonable and excessive. (Doc. 20, pp. 6-8). The Commissioner first contends that Attorney Krank's expenditure of 3.5 hours to prepare a two-page settlement letter is excessive and should be reduced to 2 hours. (Doc. 20, pp. 6-7). The settlement letter is not a part of the record; consequently the Court is unable to determine whether or not it was reasonable to spend 3.5 hours preparing the document.

The Commissioner further cites footnote 5 in Widrig v. Apfel for the proposition that, when considering the reasonableness of a fee request, courts should consider, inter alia, "whether the case presents issues of significant novelty or difficulty, the experience, reputation and abilities of counsel, the results obtained and the awards in similar cases." (Id. at 7); Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998). The Widrig Court, however, addressed various factors that the courts should consider in determining the hourly rate to which the attorney was entitled in a fee request pursuant to a fee-shifting statute, not under the EAJA. Widrig,140 F.3d 1207 (fee request pursuant

to 42 U.S.C. § 406(b)(1)).  Because <u>Widrig</u> discusses reasonable hourly rates,[5] as opposed to reasonable hours, it does not support the Commissioner's "expertise" argument that Plaintiff's Attorney's expenditure of 13.7 hours preparing the motion for summary judgment was excessive. Moreover, in a fee petition submitted pursuant to the EAJA, "the expertise of plaintiff's counsel does not make the hours expended unreasonable." <u>Patterson v. Apfel</u>, 99 F.Supp.2d. 1212, 1213 (C.D. Cal. 2000).

In addition, the Commissioner contends that Plaintiff's eight-page motion for summary judgment was defective because it did not contain a statement of facts, and the hours Plaintiff claimed were excessive given that Attorney Krank only raised one argument regarding a physician's opinion.  (Doc. 20, p. 7).  The Commissioner asserts that, in comparison with the award that other district courts grant for the preparation of complete summary judgment motions, the 13.7 hours Plaintiff seeks in this case is unreasonable.  (<u>Id.</u>).  Plaintiff replies that his case required a great deal of factual research concerning the difference between the diagnoses and limitations in the opinions of the consulting physicians upon whom the ALJ primarily relied compared with the details and restrictions of Dr. Kilburn's diagnosis.  (Doc. 21, pp. 5-6).  Moreover, given the fact-intensive nature of Social Security cases and the variety of facts in each case, the normative amount decided by other courts at different times is neither determinative nor particularly persuasive.  <u>Patterson</u>, 99 F.Supp.2d at 1213 ("Social Security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail").  Although Plaintiff's motion for summary judgment did not include a separate statement of facts, they were integrated into the concise, cogent argument.  (<u>See</u> Doc. 10).  Accordingly, this Court finds that 13.7 hours constitutes a reasonable amount of time for Plaintiff's attorney to

---

[5] The Commissioner, in his response brief, does not challenge the calculated hourly rates, expenses, or costs.  (<u>See</u> Doc. 20). The EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Based on the applicable consumer prices indices, the Attorney calculates the cost of living increases as providing for an hourly rate of $155.18 in 2004 and for the time worked in 2005. Defendant does not dispute the adjusted hourly rates. (Doc. 20). The Court finds that the increase in the cost of living justifies these hourly rates, pursuant to § 2412(d)(2)(A).

research and prepare the motion for summary judgment.

Finally, the Commissioner disputes the fees sought by Attorney Krank for the 1.2 hours she spent preparing the EAJA petition, claiming that it was a boilerplate document that should have been completed by an experienced Social Security attorney in one-half hour. (Doc. 20, p. 8). As previously noted, experience is not a determinative factor for ascertaining the time required to prepare a concise, sufficient document. Patterson, 99 F.Supp.2d. at 1213. Plaintiff's fee petition, however, provides little more than the details mandated by the EAJA and the basic law regarding hourly fees and his entitlement to attorney fees as the prevailing party. (Doc. 19); 28 U.S.C. § 2412(d)(1)(A). Moreover, the petition discussed irrelevant matters, including recent amendments to the EAJA and the lodestar fees charged by attorneys and paralegals in the geographic area in which Attorney Krank practices law. (Doc. 19, pp. 2-4). The petition also contradicts the amount of time it seeks for preparation of the motion for attorney fees in that, on page 7 of the EAJA petition, Attorney Krank requests an award of one hour for preparation of the fee petition, whereas on her fee schedule, she claims that she spent 1.2 hours preparing the petition. (Doc. 19-2, entry dated 14-Oct-05).

The lodestar rate is inapplicable given that the EAJA sets a cap on attorney fees, with provisions for inflation, that has nothing to do with the lodestar fees. See Sorenson, 239 F.3d at 1145 (while the calculation of attorney fees awarded in an § 1988 action are based on the lodestar method, attorneys fees awarded pursuant to the EAJA are capped by Congress); see 28 U.S.C. § 2412(d)(2)(A)(ii) (attorney fees will not exceed $125 unless there is an increase in the cost of living, a special factor, or a lack of attorneys capable of handling the proceedings). Because Attorney Krank seeks an award for time expended arguing irrelevant matters using formulaic language, the undersigned reduces Plaintiff's fee award for preparing the initial EAJA petition to 0.8 hours.

Reply Brief

As previously noted, Attorney Krank further requests fees for the additional 5.2 hours expended in preparing her reply to Defendant's opposition to her motion for attorney's fees. (See

9

doc. 21, pp. 9, 10).  In her reply brief, Attorney Krank reiterates the law regarding substantial justification.  (Doc. 21, pp. 3, 4).  She argues in depth that she is entitled to an award for all of the hours expended in the underlying Social Security action and in litigating the EAJA motion, but fails to address the Commissioner's assertion that clerical work does not fall within the parameters of the EAJA.  (Id. at 4-9).  Moreover, although Attorney Krank cites to a few cases involving difficult medical impairments, she fails to cite to any EAJA cases evidencing that the courts considered this a factor when decided a fee award.  (Id. at 6).  In addition, as previously noted, there appears to be a mathematical error between the dollar-amount set forth in the declaration and as calculated in the reply brief.  (See supra, p. 6, n. 3).  Because the reply brief was, to some extent, redundant; failed to address - or inadequately addressed - at least two of the Commissioner's arguments; and did not provide substantial rebuttals to the Commission's response, this Court will reduce the hours claimed for the reply brief from 5.2 to 3.5.

Based on the arguments and the law before this Court, an award for Attorney Krank's work in the amount of $4,562.29, which reflects a reduction of 2.1 hours at $155.18 of time spent preparing the EAJA petition and reply to the Commissioner's response, is deemed appropriate.  This award does not include the fee request for work prepared by Paralegal Garcia, the propriety of which follows.

Paralegal Garcia's Fees

The billing rates for paralegals is appropriate in EAJA cases in order to minimize fees where that type of work would otherwise be performed by an attorney and thus billed at a higher rate. Lucas v. White, 63 F.Supp.2d 1046, 1060 n. 16 (N.D. Cal. 1999) (citations omitted).  Encouraging the use of lower-cost paralegals rather than attorneys wherever possible encourages cost-effective delivery of legal services.  Missouri v. Jenkins, 491 U.S. 274, 288 (1989).  However, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Id. at n.10.

Attorney's fees may not be recovered for work that is not traditionally performed by an attorney, such as clerical tasks.  Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988); Granville

House v. Dept. of Health, Education and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987); Bielec v. Bowen, 675 F.Supp. 200, 204 (D.N.J. 1987).

The Commissioner asserts that the EAJA petition listed unreasonable hours for some of the work completed by Paralegal Garcia. (Doc. 20, p. 6). As an example of Paralegal Garcia's over-billing, the Commissioner notes that she listed 1.5 hours for preparing a boilerplate complaint and "related papers," presumably formulaic summons, which she also served, on July 28, 2004. (Id.; Doc. 19-2). The Commissioner asserts that the hours spent on the complaint and summons should be reduced to 0.5. (Doc. 20, p. 6). In addition, the Commissioner contends that the 0.5 hours that Paralegal Garcia claimed for calendaring dates and preparing proofs of service are clerical in nature and, therefore, are not compensable. (Id.; see Doc. 19-2, entries dated August 3 and August 23, 2004). Plaintiff does not address this matter in his reply brief. (See Doc. 21).

The Social Security complaint is a canned template pleading consisting into which the case name, number if known, and plaintiff's address and identifying information were plugged. Likewise, the summons is a template that requires the input of some, but not all, of the above information. The Court concludes that the 1.5 hours charged to prepare these documents is unreasonable, and will award .5 hours for preparing these pleadings. The Court further finds that calendaring dates is a clerical task that is not compensable and, reduces the fee request by 0.3 hours. Preparation of a proof of service, in itself, despite its formulaic nature, is not necessarily a clerical function, although filing it is not work that an attorney generally would do. Accordingly, this Court will award 0.1 hours for those combined tasks. In sum, Paralegal Garcia's fee request is reduced by 1.4 hours for a total award of 2.9 hours.

**EAJA Award Paid Directly to Plaintiff**

In his response, the Commissioner contends that any award of EAJA fees should be paid directly to the "prevailing party," i.e., the Plaintiff, as opposed to Plaintiff's attorney, as directed under 28 U.S.C. § 2412(d) and several other cases. (Doc. 20, pp. 8-9). Attorney Krank replies that the requirement that, if the attorney received additional fees pursuant to 42 U.S.C. § 406(b), the attorney would have to "refund" any excess funds to the Plaintiff would not be logical were the

11

Plaintiff to be paid the EAJA fees. (Doc. 21, pp. 7-9, citing Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1818 (2002)).

The EAJA states, in pertinent part, that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort, including proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A). Cases that have addressed whether the prevailing party or his attorney should be awarded the fees and expenses have determined that the prevailing party receives the fees and, if the party has entered into an agreement or some type of contingency plan such that the attorney is entitled to the funds, the party is expected to abide by its terms. See McCarty v. Astrue, 505 F. Supp.2d 624, 629 (N.D. Cal. 2007). Construing and applying the EAJA's term "prevailing party" in this fashion renders a consistent interpretation of fee-shifting statutes, including 42 U.S.C. § 1988, which is optimal. Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th Cir. 1999); McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Panola Land Buying Assn v. Clark, 84 F.2d 1506, 1510 (11th Cir. 1988); McCarty, 505 F.Supp.2d at 629, citing McQuiston v. Marsh, 790 F.2d 798, 800 (9th Cir. 1986); Bribiesca v. Astrue, 2008 WL 60413 (N.D. Cal. 2008).

Contrary to Attorney Krank's contention that the requirement that she refund excess fees obtained under 42 U.S.C. § 406(b)(1) when she has collected an EAJA award implies that she, and not the Plaintiff, receive any award under the EAJA, the 10th Circuit explains the lack of logic in her reasoning. See McGraw, 450 F.3d at 503. The McGraw Court noted that, assuming that an EAJA award is granted, it is given to the plaintiff, and § 406(b)(1) is the primary attorney fee statute in Social Security cases because it enables an attorney to obtain fees for work expended on behalf of his client regardless of the existence of an agreement to transfer any EAJA fees awarded. Id.

Given the statutory language and agreements among the various courts that the Plaintiff, rather than his attorney, should receive an EAJA award, and the attorney's recourse to 42 U.S.C. § 406(b)(1), the Court concludes that any fees granted pursuant to the instant EAJA petition be provided directly to Plaintiff Donald Shinn.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court concludes that the total amount of fees reasonably incurred in this case is calculated as follows:

| Attorney | Adjusted Hourly Rate | Time (Hours) | TOTAL |
|---|---|---|---|
| L. Krank, J.D. | $ 155.18 | 25.9 | $ 4,019.16 |
| Paralegal Garcia | $ 99.62 | 2.9 | 288.89 |
|  |  | **Total:** | **$ 4,308.05** |
| L. Krank: Reply Brief | $ 155.18 | 3.5 | 543.13 |
|  |  | **GRAND TOTAL:** | **$ 4,851.18** |

Accordingly, the Court HEREBY ORDERS that:

1. Plaintiff's petition for attorney fees under the EAJA (Doc. 29) is GRANTED, in the amount of $ 4,851.18; and

2. The government is ORDERED TO SUBMIT the $ 4,851.18 in attorney fees to Plaintiff.

IT IS SO ORDERED.

Dated:   **May 14, 2008**                                           /s/ Theresa A. Goldner
                                                                    UNITED STATES MAGISTRATE JUDGE

13